THE PEOPLE v. VICENTE.

APPEAL from the District Court of Mayagüez.

No. 231.—Decided March 28, 1910.

CRIMINAL LAW—ABANDONMENT OF MINORS—STATEMENT OF THE CASE—EXTENSIONS.—It is unnecessary to include in the record orders granting extensions for the presentation of a statement of facts, bill of exceptions, or statement of the case, nor is it necessary to include the amendments proposed by the parties in the order of the judge approving or rejecting amendments.

ID.—HOW STATEMENT OF THE CASE SHOULD BE PREPARED.—When the statement of the case is presented with the amendments after the court decides what should be included in the statement of facts, the bill of exceptions, or statement of the case, the bill should be redrawn, incorporating the amendments authorized by the court in one complete document, with the approval and certificate of the court in accordance with the statute.

ID.—DEFENDANT'S LACK OF RESOURCES.—In this case it was held that the facts testified to by the accused to prove his lack of resources do not constitute a defense to the charges brought against him.

The facts are stated in the opinion.

The appellant did not appear.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This was a prosecution against the defendant for violation of section 263 of the Penal Code in failing to provide for his minor children. It was instituted in the municipal court of Mayagüez by virtue of a complaint filed therein by Victoria Cabrera y Dumas, charging her husband, José Concepción Vicente, with the commission of the aforesaid offense, inasmuch as he, being legally married to her and having had six children, three of them being still alive, had abandoned his legitimate children, since the month of May, 1907, without attending to their support or even furnishing them clothing.

The accused was sentenced by the municipal court to three months imprisonment and to the payment of the costs; but he appealed from the said judgment to the district court of Mayagüez where a new trial was had, wherein the accused pleaded not guilty, and was sentenced by the district court to imprisonment for six months, and to pay a fine of $200 and the costs of the prosecution.

The defendant took an appeal from said judgment to this court, and, together with the record sent here, there is a statement of facts containing the testimony of all the witnesses, both for the state and the accused who testified on the trial in the inferior court.

The statement of facts, contained in the record, is not prepared according to the rules which we have often announced

should be followed in such cases. After the preparation of the statement of facts had been concluded by the attorney for the defendant, we find the following amendments presented by the *fiscal,* to wit:

"The undersigned *fiscal* makes the following amendments to the statement of the case presented by the attorney for the accused:

"On page 1, line 35, after the words 'my children,' must be added 'that he is in a position to support them, because he is a cigar maker.'

"On page 2, line 21, after the word 'worked,' must be added 'and that his father does not support them at all.'

"On page 2, line 28, after the words 'living together,' should be added 'that she returned to his house, for it seems that she was not well cared for, and came to him at his cigar store, where she found another woman in the house, who was compelled to go out in order that she might go in, since she was the one who had the right to be there, and at present Victoria Cabrera is not living with her husband, but has been living alone with her children for the last two or three years.'

"On page 2, line 46, there should be amended, the word '*bota*' being stricken out and putting in place thereof the word '*botaría.*'

"On page 5, line 16, strike out the words 'that the accused is making a living,' putting in place thereof the words 'he has been seen working as a cigar maker on a small scale.'

Of course, in copying the original statement into the transcript the paging and lines are all changed, rendering it impossible to determine, by reference to the document, where the amendments should be inserted. But even if this could really be done it is a labor which should not be imposed on this court. In the case of *The People of Porto Rico* v. *Leopoldo Porrata,* decided by us, on January 24 last, we say:

"It is unnecessary to include in the record the orders for delay in the presentation of the statement of facts, the bill of exceptions or the statement of the case; neither is it necessary to include either the amendments offered by the opposing parties nor the order made by the judge in sustaining or refusing the amendments; but when the statement is presented, together with the amendments, and the court

finally decides what the statement of facts, the bill of exceptions or the statement of the case should contain, an engrossed copy should be made of the statement or bill, as the case may be, embodying all the amendments authorized by the court, making a new document, complete, which should contain the approval and the certificate of the court in accordance with the statute. It is surprising that such a record as this could be presented to this appellate court, after the minute directions contained not only in rule 17 of the Rules of the district courts, but also in the opinions heretofore rendered by this court in the case of *The People of Porto Rico* v. *Brenes* (9 P. R. Rep., 503), decided on December 18, 1905, and in the case of *Eurípides López* v. *The American R. R. Co. of Porto Rico* (11 P. R. Rep., 148), decided on June 28, 1906. If the opinions in these cases had been carefully studied or even casually read by the clerk or counsel, they certainly would have understood how to present a record in this court embodying a statement of facts, a bill of exceptions or a statement of the case.''

We cannot make this language any plainer by any amount of explanation; and it only remains for us again to condemn the bad practice which has been followed in the preparation of this statement of facts.

But notwithstanding its defects we have carefully studied the facts of this case in all their details and find that the offense charged in the complaint has been fully proved by the testimony adduced.

In order to give the accused the benefit of any excuse which he may have for his conduct, his testimony, given in his own behalf, will be copied here entire. It reads as follows:

''That he cannot support his wife on account of his financial situation, because he has no employment, but whenever he has been able to do so he has supported her; that he came to this city, remaining in the cigar store which he has; that he gave her all he could give her, which fact can be attested by her own family, but that later he has been unable to give her anything; that later on he had to appear in the municipal court on account of a complaint which she filed therein against him, and the court sentenced him to three months' imprisonment, and that since that time he has not been

able to support her; that he is waiting for the decision of this case in order to go to San Juan; that when he could, he supported her; that he has tried his best to be able to support her; that he got employment during three weeks, but because they did not pay him for his work he stopped supporting her; that he moved from the place where he formerly lived because the landlord presented a complaint against him in the municipal court and he had to move, inasmuch as he could not pay the house rent; that he was ordered to leave the house. To questions put by the *fiscal* he stated: That he did not state he was divorced; that from a year ago to the present time his situation has changed in such a manner that he has not been able to comply with his duties as he ought to; that it is nearly one year since he filed a suit for divorce against his wife for the reason that it is more than 12 years that they have lived separated; that finally he lives in the cigar store; that he delivered what he had; that a moment of peace existed between them and they had a child, and from that time they have separated again voluntarily. Later on he presented a complaint for divorce, and during 11 years never was prosecuted by her, and since then this lady has not done anything but file complaints against him in the court, and he thinks that it has been due to his presenting a complaint in a divorce proceeding against her; that the complaint presented by his wife was after the one presented by him for divorce; that it is true he agreed in the municipal court to support his wife with a dollar per week; that it was then he was employed for three or four weeks, and he accomplished what he agreed before the judge; but upon losing his employment he could not support her any more; that he has not been employed again nor had any cigar store; that it is nearly six or seven months since he closed his cigar store; that at present he is living in a poor condition awaiting the decision of this case in order to go out. Upon questions put by the court he stated: That this case had been postponed at the request of his attorney, and that finally he wished that the case be tried even without an attorney."

While the picture of domestic misery presented here is pitiable and draws on the sympathy of any philanthropic heart, if affords no defense to the charge preferred against the accused.

No brief was filed for the defendant nor did any lawyer appear in this court on his behalf. No error is apparent from a careful examination of the record and the judgment

of conviction must be affirmed, but modifying the sentence in so far as it refers to the imposition of the punishment. It seems to us that two months' imprisonment is sufficient in the present case.

*Affirmed.*

Chief Justice Hernández and Justice del Toro concurred. Justices Figueras and Wolf dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

I cannot agree with the judgment in this case. The opinion of the court gives no reasons for the affirmance of the sentence beyond saying in substance that the proof is sufficient for a conviction.

The prosecution was brought under section 263 of the Penal Code which provides:

"Every parent of any child who wilfully omits, without lawful excuse, to perform any duty imposed upon him by law, to furnish necessary food, clothing, shelter, or medical attendance for such child, is guilty of misdemeanor."

When a statute uses the words "feloniously, maliciously, knowingly or voluntarily," and words of like import we have held that these words describe a mental element and make necessary the proof of intent, in other words of a *mens rea*. (*People of Porto Rico* v. *Rosendo Ferraris,* [15 P. R. Rep., 793], decided December 24, 1909.)

The word here used is "wilfully" which means purposely or intentionally. I do not find that there was any proof of an intent to abandon. There was testimony to the effect that the appellant, although ordered to do so by a court, failed, after a few weeks, to support his children, but there was no evidence that he had the power or ability or means to support them. No presumption arises from the failure to support that the father wilfully abandoned. Some other proof is nec-

essary. The evidence, not only of the appellant but of other witnesses is positive and uncontradicted that he did not have the wherewithal to support his children, having to rely on the charity of others. Under these circumstances it is impossible for me to see a case of wilful abandonment and I think the judgment should have been reversed.

I agree with the foregoing opinion excepting the citation made of the case of *People* v. *Rosendo Ferraris*. (Signed) José Ma. Figueras, Associate Justice.